# EXHIBIT 1



# Notice of Service of Process

**A3M / ALL**
**Transmittal Number: 19115557**
**Date Processed: 12/19/2018**

| | |
|---|---|
| **Primary Contact:** | Tania Sosa<br>Rushmore Loan Management Services LLC<br>1755 Wittington Place<br>Dallas, TX 75234 |
| **Electronic copy provided to:** | Tanya Henderson<br>Cynthia Mullan<br>Maribel Delgado |

| | |
|---|---|
| **Entity:** | Rushmore Loan Management Services LLC<br>Entity ID Number  2802392 |
| **Entity Served:** | Rushmore Loan Management Services LLC |
| **Title of Action:** | Matt P. Jacobsen vs. Rushmore Loan Manageivient Services LLC |
| **Document(s) Type:** | Notice |
| **Nature of Action:** | Property |
| **Court/Agency:** | Carson City District Court, NV |
| **Case/Reference No:** | 18RP 000191B |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 12/17/2018 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Matt P. Jacobsen<br>408-899-0833 |

**Notes:**

The document matches the original document as received.

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

APN # 008-342-19

**Recording Requested By:**
Matt Jacobsen
1311 La Loma Drive
Carson City, NV 89701

**When Recorded Mail To:**
Matt Jacobsen
1311 La Loma Drive
Carson City, NV 89701

**Mail Tax Statement To:**
Matt Jacobsen
1311 La Loma Drive
Carson City, NV 89701

RECORDED AT THE
REQUEST OF
Matt Jacobsen
2018 DEC 12 PM 1:04
FILE NO._____
490603
SUSAN MERRIWETHER
CARSON CITY RECORDER
FEES  35.00

## Notice of Lis Pendens

I the undersigned hereby affirm that the attached document, including any
exhibits, hereby submitted for recording does not contain the personal information of any
person or persons. (Per NRS 239B.030)


Matt Jacobsen

490603

REC'D & FILED

2018 DEC 12  PM 12: 32

SUSAN MERRIWETHER
CLERK

BY_____
DEPUTY
C. COOPER

Matt P Jacobsen
1311 La Loma Drive
Carson City, NV 89701
(408) 899-0833

# In The First Judicial District Court of the State of Nevada

## In and for Carson City

MATT P. JACOBSEN,

    Plaintiff,

    vs.

RUSHMORE LOAN MANAGEMENT SERVICES LLC;
U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE
FOR THE RMAC TRUST, SERIES 2016-CTT;
U.S. BANK NATIONAL ASSOCIATION;
CLEAR RECON CORP,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 18 08 00019 B

Dept. No. : 4

### NOTICE OF LIS PENDENS

NOTICE IS HEREBY GIVEN that an action has been commenced **TO QUIET**

**TITLE** in the above-entitled Court by the above-named Plaintiff against the above-

named Defendants to quiet the title for the premises and real estate in the Complaint in

said action, and hereinafter described, and to determine all and every claim, estate or

490603

interest therein of said Defendants, adverse to said Plaintiffs, and the premises affected

by this suit are situated in the County of Washoe, State of Nevada, and is more

particularly described as follows:

Property address: 1311 La Loma Drive, CARSON CITY, NV 89701

Property description: LOT 152 AS SHOWN ON THE MAP OF PARK
TERRACE SUBDIVISION UNIT NO 1 FILED IN THE OFFICE OF THE
RECORDER OF CARSON CITY NEVADA ON MAY 6, 1965 IN BOOK 1 OF
MAPS PAGE 257 AS DOCUMENT NO. 90219

APN: 008-342-19

## AFFIRMATION

Pursuant to N.R.S. 239B.030, I hereby certify that the foregoing document
does not contain the social security number of any person.

Respectfully submitted this _10th_ day of _December_____, 2018.

_____
Matt Jacobsen

SEE ATTACHED
ACKNOWLEDGEMENT
FROM NOTARY

490603

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    **CIVIL CODE § 1189**

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of ___Santa   Clara___ )

On __12/10/2018__ before me, ___Piyush Dave, Notary Public___
      *Date*                      *Here Insert Name and Title of the Officer*

personally appeared ___Matt   P   Jacobsen___
                                   *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> PIYUSH DAVE
> Notary Public - California
> Santa Clara County
> Commission # 2242748
> My Comm. Expires Jun 11, 2022

Signature _____
                             *Signature of Notary Public*

*Place Notary Seal Above*
──────────────── **OPTIONAL** ────────────────
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Notice of Lis Pendens_   Document Date: _12/10/2018_
Number of Pages: _2_   Signer(s) Other Than Named Above: _—_

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _Matt   P   Jacobsen_      Signer's Name: _____
☐ Corporate Officer — Title(s): _____     ☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General      ☐ Partner — ☐ Limited  ☐ General
☑ Individual    ☐ Attorney in Fact       ☐ Individual    ☐ Attorney in Fact
☐ Trustee    ☐ Guardian or Conservator    ☐ Trustee    ☐ Guardian or Conservator
☐ Other: _____       ☐ Other: _____
Signer Is Representing: _____    Signer Is Representing: _____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date last written below I served a true copy of the foregoing document on the following parties by U.S. first class mail:

RUSHMORE LOAN
MANAGEMENT SERVICES
LLC
c/o CORPORATION SERVICE
COMPANY, Registered Agent
251 Little Falls Drive
Wilmington, DE 19808

U.S. BANK NATIONAL
ASSOCIATION
c/o Andrew Cecere, CEO
60 Livingston Avenue
EP-MN-WS3D
St. Paul, MN 55107

U.S. BANK NATIONAL
ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT
SOLELY AS TRUSTEE FOR
THE RMAC TRUST, SERIES
2016-CTT
c/o Andrew Cecere, CEO
60 Livingston Avenue
EP-MN-WS3D
St. Paul, MN 55107

CLEAR RECON CORP
c/o NATIONAL REGISTERED
AGENTS, INC., Registered Agt
818 W SEVENTH ST STE 930
LOS ANGELES CA 90017

DATED: 12 / 12 / 18

/s/ _____

Name of Person Serving

**CERTIFIED COPY**

The document to which this certificate is attached is a full, true and correct copy of the original on file and of record in my office.

Date _____

Susan Merriwether, City Clerk and Clerk of the First Judicial District Court of the State of Nevada, in and for Carson City.

By _____ Deputy

Per NRS 239 Sec 6 tha SSN may be redacted, but in no way affects the legality of the document.

490603

| | |
|---|---|
| Your name: | Matt P. Jacobsen |
| Mailing Address: | 1311 La Loma Drive |
| City, State, Zip: | Carson City, NV 89701 |
| Telephone: | (408) 899-0833 |
| In Proper Person | |

# In The First Judicial District Court of the State of Nevada
# In and for Carson City

Matt P. Jacobsen
_____ )  Case No.: 18 98 00019 18
                              Plaintiff, )
                                        )  Dept. No. ____I____
                                        )
           vs.                          )  Add 1
                                        )  **SUMMONS**
RUSHMORE LOAN MANAGEMENT SERVICES LLC   )
_____ )
                              Defendant. )
                                        )

**THE STATE OF NEVADA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT:**

**NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU**

**WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.**

**READ THE INFORMATION BELOW.**

TO THE DEFENDANT:  A civil Complaint has been filed by the plaintiff against you.

1. If you wish to defend this lawsuit, you must, within 20 days after this Summons is served on you, exclusive of the day of service, file with this Court a written pleading* in response to this Complaint.
2. Unless you respond, your default will be entered upon application of the plaintiff, and this Court may enter a judgment against you for the relief demanded in the Complaint**, which could result in the taking of money or property or the relief requested in the Complaint.
3. If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.
4. You are required to serve your response upon plaintiff's attorney, whose address is

Susan Muwether
ALAN GLOVER, Clerk of the Court

By: _____, Deputy Clerk

Date: ___December 10___, 20 18 .

*There is a fee associated with filing a responsive pleading. Please refer to fee schedule.
**Note – When service by publication, insert a brief statement of the object of the action.  See Rule 4.

## RETURN OF SERVICE ON REVERSE SIDE

Summons/W/08-12-09

**AFFIDAVIT OF SERVICE (For General Use)**

STATE OF _____ )
                                   ) ss.
COUNTY OF _____ )

_____, declares under penalty of perjury:

That affiant is, and was on the day when (s)he served the within Summons, over 18 years of age, and not a party to,

nor interested in, the within action; that the affiant received the Summons on the _____ day of

_____, 20_____, and personally served the same upon _____

the within named defendant, on the _____ day of _____, 20_____, by delivering to the said defendant,

personally, in _____, County of _____, State of _____, a

copy of the Summons attached to a copy of the Complaint.

I declare under penalty of perjury under the law of the state of Nevada that the foregoing is true and correct.

Executed this _____ day of _____, 20___. _____

Signature of person making service

**NEVADA SHERIFF'S RETURN**
**(for use of Sheriff of Carson City)**

STATE OF NEVADA            )
                           ) ss.
CARSON CITY                )

I hereby certify and return that I received the within Summons on the _____ day of _____,

20_____, and personally served the same upon _____,

the within named defendant, on the _____ day of _____, 20_____, by delivering to the said

defendant, personally, in Carson City, State of Nevada, a copy of the Summons attached to a copy of the Complaint.

KENNY FURLONG, Sheriff of Carson City, Nevada

Date: _____, 20_____.        By:_____, Deputy

**AFFIDAVIT OF MAILING**
**(For use when service is by publication and mailing)**

STATE OF _____ )
                                   ) ss.
COUNTY OF _____ )

_____, declares under penalty of perjury:

That affiant is, and was when the herein described mailing took place, over 18 years of age, and not a party to, nor

interested in, the within action; that on the _____ day of _____, 20_____, affiant deposited in the

Post Office at _____, Nevada, a copy of the within Summons attached to a copy of the

Complaint, enclosed in a sealed envelope upon which first class postage was fully prepaid, addressed to

_____ the within named defendant, at _____

_____; that there is a regular communication by mail

between the place of mailing and the place so addressed.

I declare under penalty of perjury under the law of the state of Nevada that the foregoing is true and correct.

Executed this _____ day of _____, 20___. _____

**NOTE -**       If service is made in any manner permitted by Rule 4 other than personally upon the defendant, or
is made outside the United States, a special affidavit or return must be made.

Page 2 of 2

Summons/W/08-12-09

Matt P. Jacobsen
1311 La Loma Drive
Carson City, NV 89701
(408) 899-0833

REC'D & FILED

2018 DEC 10  PM 12: 45

SUSAN MERRIWETHER
CLERK
BY_____
C. COOPER DEPUTY

# In The First Judicial District Court of the State of Nevada

# In and for Carson City

| | |
|---|---|
| MATT P. JACOBSEN, ) | Case No.: ⟨handwritten⟩ |
| ) | Dept-I ⟨handwritten⟩ |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | **Quiet Title, (NRS 40.010),** |
| ) | **Declaratory Judgment,** |
| RUSHMORE LOAN MANAGEMENT SERVICES LLC, ) | **RESPA (12 U.S.C. § 2601),** |
| ) | **NRS 107.080,** |
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS ) | **Cancellation of Instrument,** |
| INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE ) | **FDCPA (15 U.S.C. § 1692)** |
| FOR THE RMAC TRUST, SERIES 2016-CTT ) | |
| ) | |
| U.S. BANK NATIONAL ASSOCIATION; ) | |
| ) | |
| CLEAR RECON CORP, ) | |
| ) | **[ DEMAND $400,000 ]** |
| Defendants. ) | |

1.      U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY

BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT claims to own the

loan. See Exhibit B.

1

2.    Fannie Mae owns the loan. See Exhibit C.

3.    Therefore, U.S. Bank is not the mortgagee (neither as trustee nor otherwise), and U.S. Bank's agent Clear Recon has no right to foreclose.

4.    There is no valid recorded Substitution appointing CLEAR RECON CORP as trustee.

5.    Plaintiff never received a notice of default and election to sell, and presumably one was never mailed to Plaintiff as required by NRS 107.080(3).

6.    The matter in controversy is approximately $400,000 and exceeds $75,000.

7.    Defendants are subject to personal jurisdiction of the State of Nevada.

8.    Substantial acts and omissions in this action occurred in Nevada.

9.    The claims arose in Nevada and Defendants reside and/or do business in this District.

### Jurisdiction

10.    Plaintiff and Defendants are citizens of different States and the value in controversy is approximately $400,000 and exceeds $75,000.

11.    No Defendant is a citizen of Nevada.

### Parties

12.    Plaintiff is a citizen of Nevada.

13.    Defendant RUSHMORE LOAN MANAGEMENT SERVICES LLC ("Rushmore") is a Delaware limited liability corporation, address , address of principal place of business at 15480 Laguna Canyon Road, Suite 100, Irvine, CA 92618, and can be served by its Registered Agent, CORPORATION SERVICE COMPANY, address 251 Little Falls Drive, Wilmington, DE 19808.

14.    Defendant U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT ("U.S. Bank as Trustee") is a foreign National Association, and can be served via its CEO,

2

Andrew Cecere, at its address of principal place of business: 60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN 55107.

15.    Defendant U.S. BANK NATIONAL ASSOCIATION ("U.S. Bank") is a foreign National Association, and can be served via its CEO, Andrew Cecere, at its address of principal place of business: 60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN 55107.

16.    Upon information and belief, Defendant U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT and Defendant U.S. BANK NATIONAL ASSOCIATION are one and the same legal entity.

17.    Defendant CLEAR RECON CORP ("Clear Recon") is a California corporation with principal place of business in California, and can be served via its registered agent, NATIONAL REGISTERED AGENTS, INC., address 818 W SEVENTH ST STE 930, LOS ANGELES CA 90017.

18.    Clear Recon has been named in this action as a result of wrongful acts and omissions made in the performance of its duties as trustee.

19.    Clear Recon participated in wrongful acts or omissions based on a capacity outside of its alleged Trustee duties which are not privileged according to Nevada Statutes. Plaintiff is informed and believe that Clear Recon has, and at all relevant times has had, an affiliation with its co-defendant, Rushmore, coupled with an economic interest, which precludes the impartiality required of a trustee.

20.    Clear Recon was at all times aware that the Corporate Assignment severed the Deed of Trust from the Promissory Note to which it related as security, leaving the original named payee as the sole obligee under the relevant Promissory Note, which became unsecured when the said Deed of Trust were severed from it by assignment.

21.    Clear Recon, with full knowledge of the aforesaid assignments, nonetheless undertook to

3

begin a foreclosure upon the subject real property by recording the Substitution and the NOD under instructions from one or more of the other Defendants, thus publishing and recording willfully false statements to the effect that Nationstar Mortgage LLC and U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT respectively, is/are/was/were the beneficiary(ies) under the subject Deed of Trust, for consideration, at the behest and under the instructions of either Nationstar Mortgage LLC or U.S. Bank as Trustee, as "beneficiary" of the assigned Deed of Trust while on actual notice that neither of these parties retained any beneficial interest in the said Deed of Trust by reason of said assignment.

22. Defendant Clear Recon knew or should have known that it was engaged in perjury and other conduct barred by Nevada civil and criminal statutes when it published and recorded false statements of other Defendants' beneficiary capacity, and in taking steps toward non-judicial foreclosure sale pursuant to such false publications and statements.

23. Discovery will disclose the scope and the particulars of Clear Recon's long-standing economic interest in Rushmore and in ROOSEVELT MANAGEMENT COMPANY ("RMC") (a New York-based company which is the parent company of Defendant Rushmore) and in ROOSEVELT MANAGEMENT COMPANY LLC (a Delaware company which may be one and the same with RMC) and in their pattern and practice of unlawful predatory lending.

24. Aldridge Pite, LLP is an unregistered company purporting to be a Georgia company.[1]

25. Aldridge Pite, LLP has the same business address as Clear Recon.

26. Aldridge Pite, LLP and Clear Recon are one and the same.

27. Discovery will disclose the scope and the particulars of Clear Recon's long-standing economic interest in Aldridge Pite, LLP and in its pattern and practice of unlawful foreclosure

---

[1] Aldridge Pite's website at aldridgepite.com claims that it is "a multi-state law firm offering services in Alabama, Alaska, Arizona, California, Florida, Georgia, Hawaii, Idaho, Illinois, Nevada, New Mexico, New York, North Carolina, Oregon, Tennessee, Texas, Utah and Washington." The Alabama and Oregon Secretary of States' websites list it as a Georgia company. However, the Georgia Secretary of State's website does not show it at all.

practices.

28.     Each Defendant keeps accounting entries for each of its loans in a "general ledger" or other ledger, showing all changes to Assets, Liabilities and Owner's Equity resulting from the loans. These accounting ledger entries can be produced in a form similar to that described in accounting textbooks such as Intermediate Accounting by Donald E. Kieso, Jerry J. Weygandt, and Terry D. Warfield (Wiley, 2003), and Financial Accounting by Paul D. Kimmel, Jerry J. Weygandt, and Donald E. Kieso (Wiley, 2006). Under the "matching" principle of GAAP, these Defendants can produce a ledger showing all costs and revenues resulting from each of their loans. These Defendants keep records for all loans in a form ready to produce for government inspection in case of an audit.

### Factual Allegations:

29.     All the following allegations are intended to be "without limitation" and will be supplemented by other facts to be found in discovery.

30.     At all relevant times, Plaintiff was and is the owner of the property at **1311 La Loma Drive, CARSON CITY, NV 89701** (hereafter "the Property"), legally described as:

> **LOT 152 AS SHOWN ON THE MAP OF PARK TERRACE SUBDIVISION UNIT NO 1 FILED IN THE OFFICE OF THE RECORDER OF CARSON CITY NEVADA ON MAY 6, 1965 IN BOOK 1 OF MAPS PAGE 257 AS DOCUMENT NO. 90219**
>
> **APN # 008-342-19.**

31.     Plaintiff is in peaceful, undisputed possession of the Property.

32.     Plaintiff did not make a forcible entry into the Property.

33.     Plaintiff is not unlawfully holding the possession of the Property by force.

34.     Plaintiffs have never sold the Property.

35.     Plaintiff is not a tenant of the Property.

5

36.   There is no "term" (in the sense of NRS 40.250).

37.   The Property is not let to Plaintiff.

38.   The Property is not leased for a specified term or period, nor by express or implied contract.

39.   The GRANT, BARGAIN AND SALE DEED to Plaintiff was dated 6/23/2005.

40.   No promissory note or other negotiable instrument, relevant to the Property, has been endorsed or made payable to any Defendant other than the original source of the funds.

41.   No valid Substitution of Trustee has been recorded or mailed to Plaintiff.

42.   No Notice of Default was mailed to Plaintiff.

43.   No Defendant is the owner and holder of any Note encumbering the Homestead.

44.   No Defendant is entitled to enforce any Note encumbering the Homestead.

45.   There is no chain of title of any Deed of Trust encumbering the Homestead, leading to any Defendant.

46.   No Note encumbering the Homestead is currently held by a legal entity of the type that is authorized to own and hold Notes (e.g. an individual, corporation, partnership, etc.)

47.   Any Note(s) encumbering the Homestead has/have been discharged by its/their Holder(s) by materially and fraudulently altering them, and/or cancelling and/or renouncing them.

### THE DEED TO PLAINTIFF (2005)

48.   On 6/27/2005, Joseph Allan Lantz, Jr. and Laura Lee Lantz, Husband and Wife recorded with the Carson City Recorder, as Document #338645, a GRANT, BARGAIN AND SALE DEED, signature date 6/6/2005, notary date 6/23/2005, conveying the Property to Plaintiff. See Exhibit A.

### THE ACCOUNTING LEDGER ENTRIES

49.   Each Defendant keeps accounting entries for each of its loans in a "general ledger" or

6

other ledger.

50.   These accounting ledger entries show all changes to Assets, Liabilities and Owner's Equity resulting from the loans, from the beginning to the present.

51.   These accounting ledger entries can be produced in a form similar to that described in accounting textbooks such as Intermediate Accounting by Donald E. Kieso, Jerry J. Weygandt, and Terry D. Warfield (Wiley, 2003), and Financial Accounting by Paul D. Kimmel, Jerry J. Weygandt, and Donald E. Kieso (Wiley, 2006).

52.   Under the "matching" principle of GAAP, each Defendant can produce a ledger showing all costs and revenues resulting from each of its loans.

53.   Defendants keep records for all loans in a form ready to produce for government inspection in case of an audit.

54.   The accounting ledger entries will show that Plaintiff did not receive the loan that Defendants claim Plaintiff received.

55.   The accounting ledger entries will show that the loan was not sold from NATIONSTAR MORTGAGE LLC to U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT.

56.   The accounting ledger entries will show, generally, that the transaction that Defendants claim occurred, did not in fact occur.

### THE ACQUISITION OF THE LOAN BY FANNIE MAE

57.   On 10/1/2007, Fannie Mae acquired the loan. See Exhibit C.

### THE CORPORATE ASSIGNMENT OF DEED OF TRUST

58.   On 10/30/2018, Fannie Mae recorded as 489658 a CORPORATE ASSIGNMENT OF DEED OF TRUST ("Corporate Assignment"), purportedly signed on 10/30/2018 by Jeanette Roikes as VICE PRESIDENT LOAN DOCUMENTATION of NATIONSTAR MORTGAGE LLC and purportedly notarized by ALYSSA SAY in Pinellas County, Florida (Exhibit D).

7

59.   The Corporate Assignment states:

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, NATIONSTAR MORTGAGE LLC, WHOSE ADDRESS IS 8950 CYPRESS WATERS BLVD., COPPELL, TX 75019, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Deed of Trust together with all interest secured thereby, all liens, and any rights due or to become due thereon to U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT, WHOSE ADDRESS IS 60 LIVINGSTON AVENUE, EP-MN-WS3D, ST. PAUL, MN 55107, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).

60.   NATIONSTAR MORTGAGE LLC had no beneficial interest under the Deed of Trust, and had nothing to assign to U.S. Bank as Trustee.

61.   NATIONSTAR MORTGAGE LLC lacked authority to assign anyone else's interest to U.S. Bank as Trustee.

62.   Therefore, the Corporate Assignment assigned nothing.

63.   The recording fee for the Corporate Assignment was paid by U.S. Bank as Trustee.

64.   Plaintiff never received a letter notifying him of the Corporate Assignment.

65.   The Corporate Assignment is invalid because Fannie Mae acquired the loan on 10/1/2007 and still owned it as of 10/30/2018.

66.   NATIONSTAR MORTGAGE LLC had no authority to assign the DOT.

67.   The Corporate Assignment does NOT say "together with the Note."

68.   The Corporate Assignment says "for good and valuable consideration."

69.   However, no consideration was received by NATIONSTAR MORTGAGE LLC in connection with the Corporate Assignment.

70.   The Corporate Assignment was purportedly signed by Jeanette Roikes as VICE PRESIDENT LOAN DOCUMENTATION of NATIONSTAR MORTGAGE LLC.

71.   Jeanette Roikes was not VICE PRESIDENT LOAN DOCUMENTATION of NATIONSTAR MORTGAGE LLC.

72.     There is no Corporate Resolution appointing Jeanette Roikes as VICE PRESIDENT LOAN DOCUMENTATION of NATIONSTAR MORTGAGE LLC.

73.     Jeanette Roikes did not have authority to sign the Corporate Assignment.

74.     At no time did any officer, employee or agent of NATIONSTAR MORTGAGE LLC delegate to Jeanette Roikes the authority to sign the Corporate Assignment.

75.     At no time did any officer, employee or agent of any principal of NATIONSTAR MORTGAGE LLC delegate to Jeanette Roikes the authority to sign the Corporate Assignment.

76.     Jeanette Roikes did not read or sign the Corporate Assignment and did not know its contents.

77.     Jeanette Roikes did not sign the Corporate Assignment; someone else did using that name.

78.     On 10/30/2018, NATIONSTAR MORTGAGE LLC did not own or possess any Promissory Note encumbering the Property.

79.     On 10/30/2018, NATIONSTAR MORTGAGE LLC was not nominee or agent of any party that owned or possessed any Promissory Note encumbering the Property.

80.     On 10/30/2018, NATIONSTAR MORTGAGE LLC was not a person entitled to enforce any Promissory Note encumbering the Property.

81.     The Corporate Assignment states: "RECORDED AT THE REQUEST OF NATIONWIDE TITLE CLEARING INC."

82.     The Corporate Assignment states:

> When Recorded Mail To:
> Fannie Mae
> C/O Nationwide Title Clearing, Inc.
> 2100 Alt. 19 North
> Palm Harbor, FL 34683

83.     Fannie Mae had no knowledge of the Corporate Assignment and no knowledge of the transaction.

9

84.    Nationwide Title Clearing, Inc. is in the business of creating fake paperwork to "paper over a hole" in mortgage foreclosure cases, in other words Nationwide Title Clearing, Inc. is in the business of forging paperwork to mislead courts into drawing false conclusions about facts that never existed in order to falsely create a chain of title (hence its name, "clearing" titles), and did create such fake paperwork in this case; the fake nature of the Corporate Assignment is set forth above.

85.    Nationwide Title Clearing, Inc. does no other business.

86.    The Corporate Assignment states that it was prepared by "Dave LaRose/NTC."

87.    However, the Corporate Assignment was not prepared by Dave LaRose, but instead was prepared by Erika Lance, an employee of Nationwide Title Clearing, Inc.

88.    Nationwide Title Clearing, Inc. requested the recording of the Corporate Assignment.

89.    No other entity besides Nationwide Title Clearing, Inc. requested the recording of the Corporate Assignment.

90.    U.S. Bank as Trustee had no knowledge of the Corporate Assignment.

91.    The Corporate Assignment was purportedly notarized by ALYSSA SAY in Pinellas County, Florida.

92.    ALYSSA SAY is not a notary of Florida.

93.    Jeanette Roikes did not sign in the presence of ALYSSA SAY.

94.    The notary book of ALYSSA SAY shows that Jeanette Roikes did not sign in the presence of ALYSSA SAY.

95.    No other document(s) required by state law, related to the Corporate Assignment transaction, was ever recorded in Carson City County, Nevada.

**The corporate assignment was not properly notarized**

96.    An out-of-state notarization is not accepted in Nevada.

97.    The Corporate Assignment was not properly notarized according to Florida law[1]. For example:

98.    (a) Jeanette Roikes did not declare that she signed the document voluntarily.

99.    (b) The jurat does not identify the state of incorporation of NATIONSTAR MORTGAGE, LLC..

100.    (c) The jurat does not include the "character of the officer".

101.    (d) The signer was not in fact personally known to the notary.

102.    (e) Alyssa Say did not witness the signing.

103.    (f) Alyssa Say did not sign the jurat; someone else did, using that name.

104.    No other document (power of attorney, etc.) related to this transaction was ever recorded.

105.    None of the Defendants has ever owned any Promissory Note encumbering the Property.

106.    None of the Defendants has ever had an interest in any Promissory Note encumbering the Property.

107.    None of the Defendants has ever been entitled to enforce any Promissory Note encumbering the Property.

108.    Thus the Corporate Assignment was false on its face, as it claims to assign "all interest secured thereby" which would mean a Note, and no such Note went from NATIONSTAR MORTGAGE LLC to U.S. Bank as Trustee.

109.    For all of the above reasons, the Corporate Assignment is void.

110.    Plaintiff made some payments that remain unaccounted for.

111.    None of the Defendants received a valid assignment of the debt in any manner.

*THE SUBSTITUTION OF TRUSTEE*

---

[1] Foreign laws, such as Florida law, are facts to be proved; thus, this issue cannot be dismissed on a motion to dismiss, but must wait for summary judgment or trial.

11

112. On 5/3/2017, Clear Recon recorded as 474536 a SUBSTITUTION OF TRUSTEE ("Substitution"), purportedly signed on 5/1/2017 by Andrea Whitney as unspecified officer, employee or agent of "Nationstar Mortgage, LLC, By Aldridge Pite, LLP as its attorney in fact" and purportedly notarized by Dawn J. Grove in San Diego County, California. See Exhibit E.

113. The Substitution states: "NATIONSTAR MORTGAGE LLC is the current beneficiary under said deed of trust."

114. At all relevant times, including 5/1/2017 and 5/3/2017, NATIONSTAR MORTGAGE LLC was not the beneficiary of any deed of trust encumbering the Property.

115. The Substitution states: "The beneficiary ... appoints CLEAR RECON CORP. ... as successor trustee under the deed of trust with all the powers of the original trustee."

116. An out-of-state notarization is not accepted in Nevada.

117. The notary stamp appears to be from California.

118. However, the notarization of the Substitution fails to comply with California law.

119. Andrea Whitney had not read the Substitution and did not know its contents.

120. Andrea Whitney did not sign the Substitution; someone else did using her name.

121. Andrea Whitney was not officer, employee or agent of "Nationstar Mortgage, LLC, By Aldridge Pite, LLP as its attorney in fact."

122. There is no Corporate Resolution or other document appointing Andrea Whitney as Authorized Signatory of "Nationstar Mortgage, LLC, By Aldridge Pite, LLP as its attorney in fact."

123. Aldridge Pite, LLP was not (and is not) attorney in fact of Nationstar Mortgage, LLC.

124. There is no recorded document making Aldridge Pite, LLP an attorney in fact of Nationstar Mortgage, LLC.

125. No one ever authorized Andrea Whitney to sign the Substitution.

126. Andrea Whitney was not authorized to sign the Substitution.

12

127.   Dawn J. Grove is not a notary of California.

128.   Andrea Whitney did not sign in the presence of Dawn J. Grove.

129.   Aldridge Pite, LLP was never appointed attorney in fact of Nationstar Mortgage, LLC.

130.   Aldridge Pite, LLP was never made attorney in fact of Nationstar Mortgage, LLC.

131.   Aldridge Pite, LLP is an unregistered company purporting to be a Georgia company.

132.   Because Aldridge Pite, LLP is unregistered, Aldridge Pite, LLP cannot be attorney in fact of Nationstar Mortgage, LLC.

133.   No attorney in fact document, related to the Substitution transaction, was ever recorded in Carson City County, Nevada.

134.   No other document(s) required by state law, related to the Substitution transaction, was ever recorded in Carson City County, Nevada.

*THE NOTICE OF BREACH AND DEFAULT AND OF ELECTION OR CAUSE TO BE SOLD REAL PROPERTY UNDER DEED OF TRUST*

135.   On 10/22/2018, Clear Recon recorded as 489474 a NOTICE OF BREACH AND DEFAULT AND OF ELECTION OR CAUSE TO BE SOLD REAL PROPERTY UNDER DEED OF TRUST ("NOD"), purportedly signed on 10/18/2018 by Hamsa Uchi as "Authorized Signatory for Trustee" of CLEAR RECON CORP and purportedly notarized by Susana Jimenez in San Diego County, California. See Exhibit F.

136.   The NOD states: "That by reason thereof, U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT, the present Beneficiary under such deed of Trust ..."

137.   At all relevant times, including 10/18/2018 and 10/22/2018, U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT was not the beneficiary of any deed of trust encumbering the Property.

13

138.   An out-of-state notarization is not accepted in Nevada.

139.   The notary stamp appears to be from California.

140.   However, the notarization of the NOD fails to comply with California law.

141.   Hamsa Uchi had not read the NOD and did not know its contents.

142.   Hamsa Uchi did not sign the NOD; someone else did using his name.

143.   Hamsa Uchi was not Authorized Signatory of CLEAR RECON CORP.

144.   There is no Corporate Resolution or other document appointing Hamsa Uchi as Authorized Signatory of CLEAR RECON CORP.

145.   No one ever authorized Hamsa Uchi to sign the NOD.

146.   Hamsa Uchi was not authorized to sign the NOD.

147.   Susana Jimenez is not a notary of California.

148.   Hamsa Uchi did not sign in the presence of Susana Jimenez.

149.   No other document(s) required by state law, related to the NOD transaction, was ever recorded in Carson City County, Nevada.

150.   The NOD states: "CLEAR RECON CORP. is the duly appointed Trustee under a Deed of Trust dated 8/17/2007 … recorded 8/21/2007, as Instrument No. 371195…"

151.   However, CLEAR RECON CORP. was not, and is not, the duly appointed Trustee under Instrument No. 371195.

152.   The NOD states: "U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT, the present Beneficiary…"

153.   However, U.S. Bank as Trustee was not, and is not, the Beneficiary under Instrument No. 371195.

*THE NOTICE OF DEFAULT IS UNAUTHORIZED BECAUSE ITS SIGNER WAS NOT THE BENEFICIARY ON THAT DATE*

14

154.   On 10/18/2018, which is the signature date of the NOD, and on 10/22/2018, which is the recording date of the NOD, U.S. Bank as Trustee was not, as claimed, "the present Beneficiary," since the document that purportedly made U.S. Bank as Trustee a Beneficiary, namely the CORPORATE ASSIGNMENT OF DEED OF TRUST, Instrument No. 489658 (Exhibit D), was not signed until 10/30/2018 and was not recorded until 10/30/2018.

155.   U.S. Bank as Trustee never delivered to Clear Recon any written Declaration of Default and Demand for Sale.

156.   U.S. Bank as Trustee never deposited with Clear Recon any Deed of Trust or any other document evidencing any obligation secured thereby.

*THE STATEMENT*

157.   On 8/20/2018, Plaintiff received a Statement from Rushmore, dated 7/11/2018, demanding $155,256.15, plus Recoverable Advances in the amount of $5,423.81 (Exhibit G).

158.   Plaintiff timely mailed to Rushmore a letter disputing the Statement (Exhibit H).

*TENDER*

159.   No lawful money is currently owed on the property.

160.   Plaintiffs have paid any debt lawfully owed on the property.

161.   Plaintiff is and would be ready, willing, and able to pay the amounts due as determined by the court.

162.   Plaintiff does not owe the debt on the property that Defendants claim.[1]

163.   The foreclosure sale has not yet occurred, and Defendants have allegedly violated laws related to avoiding the necessity for a foreclosure, in particular S.B. 321 and NRS 107.080.[2]

---

[1] If the plaintiff's action "attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmative of the debt." (Onofrio v. Rice, 55 Cal.App.4th at p. 424.)

[2] "A number of courts have explicitly held that the tender rule applies only in cases seeking to set aside a completed sale, rather than an action seeking to prevent a sale in the first place." Pfeifer v. Countrywide Home Loans (2012), 211 Cal.App.4th 1250 (2012), 150 Cal. Rptr. 3d 673, LEXIS 1265, 61; Dimock v. Emerald Properties (2000), 81 Cal.App.4th 868, 877-878. Tender is not required "when the lender has not yet foreclosed and has allegedly violated laws related to avoiding the necessity for a foreclosure." Id.; Mabry v. Superior Court (2010) 185 Cal.App.4th 208, 225-226.

15

164.   All Defendants are not mortgagees whatsoever.

165.   The Nationstar Defendants are not mortgagees whatsoever, and are otherwise making completely unsubstantiated claims to the property.[1]

166.   Plaintiff is ready and able to tender any and all valid outstanding indebtedness secured by the Property to any person to whom such debt is lawfully owed.

### OTHER VIOLATIONS OF S.B. 321

167.   Defendants failed to provide a single point of contact.

### VIOLATIONS OF NRS 107.080

168.   There has been no "deficiency in performance or payment" (NRS 107.080 2.(a)(2),(b)).

169.   The foreclosing trustee (Clear Recon) is not the original trustee.

170.   The foreclosing trustee has not been substituted by the holder of the note.

171.   The foreclosing trustee has not been substituted by the holder's nominee.[2]

172.   U.S. Bank as Trustee does not have actual or constructive possession of the note and is not entitled to enforce the note.

173.   Neither the beneficiary or its successor in interest, nor the servicer of the obligation or debt secured by the deed of trust or the trustee, nor an attorney representing any of those persons, ever sent to Plaintiff the written statement required by NRS 107.080, containing the information required by NRS 107.080(3)(I) through (VI).

174.   The information in the AFFIDAVIT OF AUTHORITY TO EXERCISE THE POWER OF SALE, recorded on 10/22/2018 as File No. 489474 (third page), purportedly signed by

---

[1] Tender is not required where the Complaint alleges that the defendant is not a mortgagee "whatsoever." See [48] Order in Case 1:11-cv-00714-JMS-BMK (Seabright, J). See also Klohs et al. v. Wells Fargo Bank, N.A., Civ. No. 12-00274 JMS-KSC, Order Granting Defendant Wells Fargo Bank N.A.'s Motion to Dismiss (Seabright, J.) (citing Amina v. BONYM (D. Haw. Aug. 9, 2012)).
[2] See Gomez v. Countrywide Bank, FSB, 2009 WL 3617650, at *2 (D. Nev. Oct.26, 2009) (as long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure).

16

Hamsa Uchi, was not (and is not) based on the direct, personal knowledge of the affiant or the personal knowledge.

175. The purported affiant Hamsa Uchi, who purportedly signed the AFFIDAVIT OF AUTHORITY TO EXERCISE THE POWER OF SALE, recorded on 10/22/2018 as File No. 489474 (third page), did not acquire any such knowledge by a review of the business records of the beneficiary, the successor in interest of the beneficiary or the servicer of the obligation or debt secured by the deed of trust.

176. Any business records reviewed by Hamsa Uchi in preparation for the AFFIDAVIT OF AUTHORITY TO EXERCISE THE POWER OF SALE, recorded on 10/22/2018 as File No. 489474 (third page), did not (and do not) meet the standards set forth in NRS 51.135.

## *VIOLATIONS OF NRS 107.510*

177. Rushmore recorded a Notice of Default and Election to Sell without performing the acts described in NRS 107.510(1)(a) through (c), in violation of NRS 107.510(1).

178. Rushmore did not contact Plaintiff as required by NRS 107.510(2).

179. Rushmore did not try with due diligence to contact Plaintiff as required by NRS 107.510(5).

180. Rushmore recorded a Notice of Default and Election to Sell without performing the acts described in NRS 107.510(5)(a) through (e).

181. Rushmore was never appointed Attorney-in-Fact of U.S. Bank as Trustee.

182. There is no recorded document making Rushmore an Attorney-in-Fact of U.S. Bank as Trustee.

## FIRST CAUSE OF ACTION - Quiet Title
### (NRS 40.010)
### (Against All Defendants)

183. This Quiet Title cause of action is not the same as the one in 3:12-cv-00486-MMD-WGC, because the parties are different and the facts are different.

17

184.    This Quiet Title cause of action is not the same as the one in 3:12-cv-00504-MMD-VPC, because the parties are different (except for Clear Recon) and the facts are different.

185.    Plaintiff brings this action against Defendants who claim an estate or interest in the Property, adverse to the Plaintiff, for the purpose of determining such adverse claim.

186.    The property that is subject to the quiet title action is described under "Factual Allegations" above.

187.    Plaintiffs seek fee simple title based on GRANT, BARGAIN AND SALE DEED to Plaintiff dated 6/23/2005 from Joseph Allan Lantz, Jr. and Laura Lee Lantz, recorded as #338645.

188.    Defendant U.S. Bank as Trustee has made an adverse claim to title consisting of the Corporate Assignment.

189.    Defendant CLEAR RECON CORP has made an adverse claim to title consisting of the NOTICE OF BREACH AND DEFAULT AND OF ELECTION OR CAUSE TO BE SOLD REAL PROPERTY UNDER DEED OF TRUST.

190.    Defendant Clear Recon recorded documents, not yet known, which cloud Plaintiff's title.

191.    Defendant Rushmore recorded documents, not yet known, which cloud Plaintiff's title.

192.    The date as of which the determination is being sought is the date of filing of the Complaint in this case.

193.    Plaintiffs have paid any debt owed on the property.

194.    There is no valid debt owed on the property.[1]

195.    Plaintiff prays for the determination of the title of the plaintiff.

196.    At all times relevant to this Complaint, Plaintiff was and is in possession and has been in continuous possession of the Property, against all the world, and have paid all lawful property taxes thereon.

---

[1] If the plaintiff's action "attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmative of the debt." (Onofrio v. Rice, 55 Cal.App.4th at p. 424.)

18

197.     Plaintiffs have superior and legal title to, and other interest in, the Property, through a GRANT, BARGAIN AND SALE DEED from Joseph Allan Lantz, Jr. and Laura Lee Lantz recorded as #338645.

198.     At all times relevant to this Complaint, Plaintiff was and is the owner of the Property and entitled to such ownership and use without interference by Defendants.

199.     Each party who recorded a document made a corresponding claim to the Property.

200.     Defendants' claims to any right, title or interest in the property are false and without merit.

201.     Defendants are not owners or holders of any Note encumbering the Property.

202.     Plaintiffs seek Judgment, Order and Decree quieting title to the Property in Plaintiff, as against Defendants, as of the date the Complaint in this case was filed, and such further equitable relief as the Court deems proper.

## SECOND CAUSE OF ACTION – Declaratory Judgment
### (Against All Defendants)

203.     For his first claim for relief, Plaintiff realleges and incorporates the above paragraphs under "Factual Allegations" and further alleges:

204.     All Defendants are not mortgagees whatsoever.

205.     The Nationstar Defendants are not mortgagees whatsoever, and are otherwise making completely unsubstantiated claims to the property.[1]

206.     Plaintiff is ready and able to tender any and all valid outstanding indebtedness secured by the Property to any person to whom such debt is lawfully owed.

207.     Any and all valid loans encumbering the Property have been paid off by FHA.

---

[1] Tender is not required where the Complaint alleges that the defendant is not a mortgagee "whatsoever." See [48] Order in Case 1:11-cv-00714-JMS-BMK (Seabright, J). See also Klohs et al. v. Wells Fargo Bank, N.A., Civ. No. 12-00274 JMS-KSC, Order Granting Defendant Wells Fargo Bank N.A.'s Motion to Dismiss (Seabright, J.) (citing Amina v. BONYM (D. Haw. Aug. 9, 2012)).

208.   Any and all valid loans encumbering the Property have been paid off by private mortgage insurance.

209.   Any and all valid loans encumbering the Property have been otherwise discharged.

210.   There are no valid liens on the Property.

211.   There are no valid mortgages on the Property.

212.   Defendants have taken tax deduction losses for the disputed loan.

213.   All Notes signed by Plaintiff encumbering the Property have been paid, discharged or voided.

214.   The real property described above is not in the actual possession of any person other than plaintiff.

215.   Defendants claim, or may claim adversely to Plaintiff, an estate or interest in the Property, in the form of the recorded documents and mailed statements referred to elsewhere in this Complaint.

216.   Defendants have clouded Plaintiff's title by recording an unauthorized Assignment with forged signature and, based on that, an unauthorized Substitution with forged signature, and based on those, an unauthorized NOD with forged signature, which falsely claim that some one of the Defendants has the right to enforce a promissory note signed by Plaintiff.

217.   Defendants' claims (as listed in the above paragraph and elsewhere in this Second Amended Complaint) are without merit and Defendants have no estate, title, claim, lien, or interest in the Property or any portion thereof.

218.   Plaintiffs have no plain, speedy, or adequate remedy at law.

219.   There is a "justiciable controversy." Rushmore recorded the NOD when there was no default.

20

220.    The document purportedly appointing CLEAR RECON as Successor Trustee was purportedly signed by Andrea Whitney as unspecified officer, employee or agent of "Nationstar Mortgage, LLC, By Aldridge Pite, LLP as its attorney in fact", which Nationstar was the purported beneficiary of the relevant Deed of Trust.

221.    However, Andrea Whitney did not hold that position and otherwise lacked authority to sign the said document. Therefore, CLEAR RECON was not properly authorized as Successor Trustee.

222.    There is no recorded Power of Attorney or other relationship between the parties that would support the signing of a Substitution.

223..   No Defendant has ownership or possession of any promissory note encumbering the Property, neither by itself nor through any agent, officer, employee or principal.

224.    No Defendant has the right to enforce any promissory note encumbering the Property, neither by itself nor through any agent, officer, employee or principal.

225.    No Defendant has "holder in due course" status relating to any promissory note encumbering the Property, neither by itself nor through any agent, officer, employee or principal.

226.    Plaintiffs request a declaration that no Defendant is the owner or holder of any Note encumbering the Property; that no Defendant has the right to enforce any promissory note encumbering the Property, neither by itself nor through any agent, officer, employee or principal; that no Defendant has any secured interest in Plaintiffs' property; and that Plaintiffs have no legal relationship with any of the Defendants; and that Plaintiffs are the owners of the Property.

227.    Plaintiffs request a declaration that any documents to the contrary are void, and a quieting of title in Plaintiffs' names.

228.    A judicial declaration is necessary and appropriate at this time and so that the Plaintiffs may ascertain their rights and duties and avoid any illegal collection activity which might occur.

21

229.   Plaintiffs seek a Declaratory Judgment that Plaintiffs have clear title to the property, free from any encumbrances by Defendants, and that Defendants have no valid security interest.

230.   Plaintiffs seek a Declaratory Judgment that Plaintiffs have the right to quiet undisturbed possession and enjoyment of the Property.

### THIRD CAUSE OF ACTION – RESPA, Real Estate Settlement Procedures Act
### (12 U.S.C. § 2601 et seq.)
### (Against Defendant RUSHMORE LOAN MANAGEMENT SERVICES LLC)

231.   Plaintiff mailed a Qualified Written Request ("QWR") dated 9/4/2018, with his name and account number, to Rushmore, stating reasons why Plaintiff believed that his account is in error: U.S. Bank as Trustee did not own the loan because Fannie Mae did,[1] and requesting information about the servicing. See Exhibit H.

232.   Rushmore did not respond timely.

233.   Rushmore did not adequately respond to the QWR.

234.   As a result of Defendant's wrongful actions, Plaintiffs have suffered damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION – VIOLATIONS OF NRS 107.080

### (Against Defendant CLEAR RECON CORP, U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT)

235.   Plaintiffs incorporate the paragraphs listed above under "Factual Allegations," in particular the paragraphs under "VIOLATIONS OF NRS 107.080," as if fully set forth here.

236.   As a result of Defendants' wrongful actions, Plaintiffs have suffered damages in an amount to be determined at trial, for which Defendants are jointly and severally liable.

---

[1] See Medrano v. Flagstar Bank, FSB, et al., 2012 U.S. App. LEXIS 25274 ("Any reasonably stated written request for account information can be a qualified written request.")

22

**FIFTH CAUSE OF ACTION – Cancellation of Instrument**

**(Against Defendants RUSHMORE LOAN MANAGEMENT SERVICES LLC, CLEAR**

**RECON CORP, U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL**

**CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT,**

**U.S. BANK NATIONAL ASSOCIATION)**

237.   Plaintiffs incorporate the paragraphs listed above under "Factual Allegations" as if fully set forth here.

238.   The Notice of Default, the Substitution, the Corporate Assignment, and other documents not yet known, were prepared and recorded without a factual or legal basis for doing so.

239.   The accounting ledger entries will show that no consideration was paid to NATIONSTAR MORTGAGE LLC by U.S. Bank as Trustee

240.   Upon information and belief, these acts by Defendants constitute fraud, oppression and malice.

241.   Plaintiff alleges herein that the Instruments filed by Defendants in this case are all legally insufficient and subject to cancellation.

242.   As a result of Defendants' wrongful actions, Plaintiffs have suffered damages in an amount to be determined at trial, for which Defendants are jointly and severally liable.


**SIXTH CAUSE OF ACTION – FDCPA**

**(Against Defendant RUSHMORE LOAN MANAGEMENT SERVICES LLC, CLEAR**

**RECON CORP, U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL**

**CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT,**

**U.S. BANK NATIONAL ASSOCIATION)**

243.   Plaintiffs incorporate the paragraphs listed above under "Factual Allegations" as if fully set forth here.

244.   Rushmore regularly collects, or attempts to collect, home mortgage debts it acquired after default, through the use of the mails and telephone.

245.   Rushmore is not a "mortgage company" as defined in the FDCPA.

246.   Rushmore is not a person entitled to enforce any Note encumbering Plaintiff's property.

247.   Rushmore is not a mortgagee whatsoever and has no interest in Plaintiff's property.

248.   Clear Recon regularly collects, or attempts to collect, home mortgage debts it acquired after default, through the use of the mails and telephone.

249.   Clear Recon is not a "mortgage company" as defined in the FDCPA.

250.   Clear Recon is not a person entitled to enforce any Note encumbering Plaintiff's property.

251.   U.S. Bank as Trustee regularly collects, or attempts to collect, home mortgage debts it acquired after default, through the use of the mails and telephone.

252.   U.S. Bank as Trustee is not a "mortgage company" as defined in the FDCPA.

253.   U.S. Bank as Trustee is not a person entitled to enforce any Note encumbering Plaintiff's property.

254.   U.S. Bank as Trustee is not a mortgagee whatsoever and has no interest in Plaintiff's property.

255.   U.S. Bank regularly collects, or attempts to collect, home mortgage debts it acquired after default, through the use of the mails and telephone.

256.   U.S. Bank is not a "mortgage company" as defined in the FDCPA.

257.   U.S. Bank is not a person entitled to enforce any Note encumbering Plaintiff's property.

258.   U.S. Bank is not a mortgagee whatsoever and has no interest in Plaintiff's property.

259.   On 7/11/2018, Rushmore mailed a debt collection letter to Plaintiff.

260. Plaintiff timely disputed the debt on September 4, 2018.

261. Rushmore failed to respond timely.

262. Rushmore still continues debt collection activities beyond lawful foreclosure.

263. Rushmore, through its agent Clear Recon, recorded a Notice of Default.

264. Rushmore recorded a Notice of Default.

265. U.S. Bank as Trustee, through its agent Clear Recon, recorded a Notice of Default.

266. U.S. Bank, through its agent Clear Recon, recorded a Notice of Default.

267. The wrong party is attempting to collect the debt, since Fannie Mae owns the loan (see Exhibit C).

268. These activities constitute "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f. Congress intended the FDCPA to apply here:

> **This bill also protects people who do not owe money at all.** In the collector's zeal, collection efforts are often aimed at the wrong person either because of mistaken identity or **mistaken facts**. This bill will make collectors behave responsibly towards people with whom they deal . . . .

House Report 95-131, 95th Cong., 1st Sess., p. 8. Accord, Senate Report No. 95-382, p. 4, reprinted at 1997 USCCAN 1695, 1699.

269. As a result of Defendants' wrongful actions, Plaintiffs have suffered damages in an amount to be determined at trial, for which Defendants are jointly and severally liable.

## Prayer for Relief:

270. WHEREFORE, Plaintiff prays this court enter an order providing relief as follows:

- (a) Plaintiff prays this honorable Court take jurisdiction of this case;

- (b) Enjoin, immediately, all Defendants, and all parties claiming under Defendant, and their officers, agents, employees, servants, and attorneys, and those persons in active concert or participation with any of them, during the pendency of this action,

25

and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on plaintiff's property, from recording any mortgages regarding the property; from selling, assigning or transferring mortgages or obligations relating to the property; from instituting, prosecuting, or maintaining nonjudicial or judicial foreclosure proceedings against the property; from otherwise encumbering the property; from instituting, prosecuting, or maintaining eviction or F.E.D. proceedings against Plaintiffs; or from otherwise taking any steps to deprive Plaintiffs of ownership and/or enjoyment of the property;

- (c) An Order and Judgment quieting title in Plaintiff's name;

- (d) An Order and Judgment cancelling the Notice of Default, the Substitution, the Corporate Assignment, and other documents not yet known;

- (e) An accounting from each Defendant of all funds handled relating to Plaintiff;

- (f) Declaratory judgment that Plaintiffs have clear title to the property, free from any encumbrances by Defendants, and that Defendants have no valid security interest in Plaintiff's property;

- (g) Damages in the amount of $400,000;

- (h) That this Court grant such other and further relief as it deems just and proper.

271.   Finally, Plaintiff is not an attorney and is inexperienced in procedure as practiced in the Federal Courts.   If this submission is found wanting in one or more particulars, it is incumbent upon the Court to inform Plaintiff of the deficiencies, their specifics and assist the Plaintiff in correcting the submission, and the Plaintiff hereby respectfully requests such assistance.

DECEMBER   10
Executed on ~~November 30th~~ , 2018.

/s/Matt Jacobsen
Matt P Jacobsen, Plaintiff, Pro Se
1311 La Loma Drive
Carson City, NV 89701
(408) 899-0833

26

## EXHIBIT LIST

A ...   Deed to Matt Jacobsen

B ...   pages 1-2 of NOTICE OF BREACH AND DEFAULT AND OF ELECTION OR CAUSE TO BE SOLD REAL PROPERTY UNDER DEED OF TRUST recorded as 489474 on 10/22/2018 by Clear Recon

C ...   Fannie Mae Loan Lookup screenshot dated 8/8/2012.

D ...   CORPORATE ASSIGNMENT OF DEED OF TRUST recorded as 489658 on 10/30/2018 by Fannie Mae

E ...   SUBSTITUTION OF TRUSTEE recorded as 474536 on 5/3/2017 by Clear Recon

F ...   NOTICE OF BREACH AND DEFAULT AND OF ELECTION OR CAUSE TO BE SOLD REAL PROPERTY UNDER DEED OF TRUST, recorded as 489474 on 10/22/2018 by Clear Recon

G ...   Statement from Rushmore dated 7/11/2018

H ...   Qualified Written Request ("QWR") letter dated 9/4/2018 mailed by Plaintiff to Rushmore, disputing the Statement

# EXHIBIT  A

# STATE OF NEVADA
## DECLARATION OF VALUE

1. Assessor Parcel Number(s):
   a) 008-342-19
   b) _____
   c) _____
   d) _____

**FOR RECORDERS OPTIONAL USE ONLY**

Document/Instrument No.: __338645__

Book: _____ Page: _____

Date of Recording: JUN 2 7 2005

Notes: _____
_____

2. Type of Property:
   a) _____ Vacant Land          b) _XX_ Single Family Res.
   c) _____ Condo/Townhouse      d) _____ 2-4 Plex
   e) _____ Apartment Bldg.      f) _____ Comm'l/Ind'l
   g) _____ Agricultural         h) _____ Mobile Home
   i) Other:_____

3. Total Value/Sales Price of Property            $         299,900.00

   Deed in Lieu of Foreclosure Only (Value of Property)   $ _____

   Transfer Tax Value                              $         299,900.00

   Real Property Transfer Tax Due:    1110.00      $           1170.00
                                       6000

4. If Exemption Claimed:

   a. Transfer Tax Exemption, per NRS 375.090, Section:_____

   b. Explain Reason for Exemption:_____
   _____

5. Partial Interest: Percentage being transferred: _100_____ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the disallowance of any claimed exemption or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed

Signature: _Joseph Allen Lantz_              Capacity: _Seller_

Signature: _____          Capacity:_____

| **SELLER (GRANTOR) INFORMATION** | **BUYER (GRANTEE) INFORMATION** |
|---|---|
| (required) | (required) |
| Print Name: JOSEPH ALLAN LANTZ, JR. | Print Name: MATT P. JACOBSEN |
| Address: 1311 LA LOMA DRIVE | Address: 2264 CERVANTES WAY |
| City/State/Zip: CARSON CITY, NV 89701 | City/State/Zip: CAMPBELL, CA 95008 |

## COMPANY/PERSON REQUESTING RECORDING (required if not the Seller or Buyer)

Company Name: STEWART TITLE OF DOUGLAS COUNTY        Escrow No.: ▉▉▉▉▉
Address: 1663 US Highway 395 N, Suite 101
City/State/Zip: Minden, Nevada 89423

(AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

A.P.N. # 008-342-19

R.P.T.T. $ 1170.00
ESCROW NO.
RECORDING REQUESTED BY:
**STEWART TITLE COMPANY**
MAIL TAX STATEMENTS TO:
**SAME AS BELOW**

WHEN RECORDED MAIL TO:
**GRANTEE**
2264 CERVANTES WAY
CAMPBELL CA 95008

RECORDED AT THE
REQUEST OF

**STEWART TITLE OF CARSON CITY**

2005 JUN 27 AM 11:15

338645

FILE NO.
ALAN GLOVER
CARSON CITY RECORDER
FEE $40 DEP 60

(Space Above for Recorder's Use Only)

# GRANT, BARGAIN, SALE DEED

THIS INDENTURE WITNESSETH: That **JOSEPH ALLAN LANTZ, JR. AND LAURA LEE LANTZ, HUSBAND AND WIFE**

in consideration of $10.00, the receipt of which is hereby acknowledged, does hereby Grant, Bargain Sell and Convey to **MATT P. JACOBSEN , AN UNMARRIED MAN**

and to the heirs and assigns of such Grantee forever, all that real property situated in the
County of **Carson City** State of Nevada, bounded and described as:
**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF**

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and any reversions, remainders, rents, issues or profits thereof.

DATE: **June 06, 2005**

JOSEPH ALLAN LANTZ, JR.

LAURA LEE LANTZ

**SUZANNE CHEECHOV**
NOTARY PUBLIC
STATE OF NEVADA
Appt. Recorded in Douglas County
My Appt. Expires June 25, 2007
No: 99-3R456-5

STATE OF NV }
} ss.
COUNTY OF Douglas }

This instrument was acknowledged before me on 6/23/05 ,
by **JOSEPH ALLAN LANTZ, JR. and LAURA LEE LANTZ**

Signature

Notary Public **(One inch margin on all sides of document for Recorder's Use Only)**

338645

**EXHIBIT "A"**
**LEGAL DESCRIPTION**



Order No.:

The land referred to herein is situated in the State of Nevada,
County of CARSON CITY, described as follows:

Lot 152, as shown on the map of PARK TERRACE SUBDIVISION, UNIT
NO. 1, filed in the Office of the Recorder of Carson City,
Nevada, on May 6, 1965, in Book 1 of Maps, Page 257, as
Document No. 90219.

ASSESSOR'S PARCEL NO. 8-342-19

338645

# EXHIBIT   B

APN: 008-342-19

WHEN RECORDED MAIL TO:
Clear Recon Corp
4375 Jutland Drive, Suite 200
San Diego, CA 92177-0935
Phone: (866) 931-0036

RECORDED AT THE REQUEST OF
SERVICELINK TITLE AGENCY INC.
10/22/2018 01:40PM
FILE NO.489474
SUSAN MERRIWETHER
CARSON CITY RECORDER
FEE $285.00 DEP LRD

---

TS No.: 003906-NV

The undersigned hereby affirms that there is no Social Security number contained in this document. (N.R.S. 239B.030)

## NOTICE OF BREACH AND DEFAULT AND OF ELECTION OR CAUSE TO BE SOLD REAL PROPERTY UNDER DEED OF TRUST

NOTICE IS HEREBY GIVEN THAT: CLEAR RECON CORP. is the duly appointed Trustee under a Deed of Trust dated 8/17/2007, executed by MATT P. JACOBSEN, AN UNMARRIED MAN, as trustor in favor of the beneficiary thereunder, recorded 8/21/2007, as Instrument No. 371195, of Official Records in the office of the County recorder of Carson City, County, Nevada securing, among other obligations.

One Note for the Original sum of $246,000.00, that the beneficial interest under such Deed of Trust and the obligations secured hereby are presently held by the undersigned; that a breach of and default in the obligations for which such Deed of Trust is security has occurred or that payment has not been made of: Installment of Principal and Interest plus impounds and/or advances which became due on 2/1/2010 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.

That by reason thereof, U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT, the present Beneficiary under such deed of Trust has executed and delivered to said duly appointed Trustee a written Declaration of Default and Demand for Sale and has deposited with said duly appointed Trustee such Deed of Trust and all documents evidencing obligations secured thereby and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

## NOTICE

You may have the right to cure the default hereon and reinstate the one obligation secured by such Deed of Trust above described. Section NRS 107.080 permits certain defaults to be cured upon the Payment of the amounts required by that statutory section without requiring payment of that portion of principal and interest which would not be due had no default occurred. Where reinstatement is possible, if the default is not cured within 35 days following recording and mailing of this Notice to Trustor or Trustor's successor in interest, the right of reinstatement will terminate and the property may thereafter be sold. The Trustor may have the right to bring a court action to assert the nonexistence of a default or any other defense of Trustor to acceleration and Sale.

CRC NOD NV 05312018

489474

T.S. No.: 003906-NV

Property Address as identified in the Deed of Trust is: **1311 LA LOMA DRIVE CARSON CITY, NEVADA 89701**

HUD Approved local counseling agency: Housing for Nevada, (702) 270-0300

**To determine if reinstatement is possible and the amount, if any, to cure the default, contact:** U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT C/O RUSHMORE LOAN MANAGEMENT SERVICES, LLC

15480 Laguna Canyon Road, Suite 100

Irvine, CA 92618

Phone: 888-504-7300

Loan Modification contact information: U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT C/O RUSHMORE LOAN MANAGEMENT SERVICES, LLC, Loss Mitigation Dept. 888-504-7300

For Foreclosure status, contact:
Clear Recon Corp
4375 Jutland Drive
San Diego, California 92117
Phone: (866) 931-0036

Dated: 10/18/2018

CLEAR RECON CORP.

By: _____

Hamsa Uchi, Authorized Signatory for Trustee

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California}
County of San Diego}ss.

On _OCT 18 2018_ before me _Susana Jimenez_ Notary Public, personally appeared _Hamsa Uchi_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Susana Jimenez_ (Seal)



SUSANA JIMENEZ
Notary Public – California
San Diego County
Commission # 2197449
My Comm. Expires May 15, 2021

CRC NOD NV 05312018

489474

# EXHIBIT   C



# Loan Lookup

The Fannie Mae Loan Lookup enables mortgage borrowers to quickly determine if Fannie Mae owns their loan by p code.

If Fannie Mae owns your loan, you may be eligible for programs designed to make your mortgage more affordable - (HARP) or the Home Affordable Modification Program (HAMP).

Street Address *
1311 La Loma Drive

Unit

City
CARSON CITY

State
NV

Zip Code *
89701

☐ * I confirm that I am the owner of this property, or have the consent of the owner to look up this information.



**Match Found.**

Based on the property information you entered, Fannie Mae owns a loan on the property at this address.

A "Match Found" indicates that you might be eligible for a Making Home Affordable® refinance or modification. If you are interested in a refinance or modification, please contact your mortgage company (the organization to whom you make your monthly mortgage payments) to confirm these results and assess your options.

Be sure to visit **KnowYourOptions.com** and **MakingHomeAffordable.gov** to learn more about refinancing, modification programs and other options available for homeowners.

On **KnowYourOptions.com**, you can access **refinance** and **modification** calculators so you can estimate payments and possible monthly savings. In addition, find **Frequently Asked Questions**, **Contact Information** for HARP Lenders and Mortgage Servicers and more.

Search Again

The Fannie Mae Loan Lookup is provided as a convenience for borrowers. Fannie Mae makes no representation, warranty, the results. A search that results in a "Match Found" status does not guarantee or imply that you will qualify for a Making Hon does not match our records exactly may return inaccurate results. You should contact your mortgage lender to verify these re

For information about the use of our site and our privacy policy, see Legal Information. Click here for FAQs.

Aug 08 12 08:52a

Does Fannie Mae Own Your Mortgage? Loan Lookup Tool

Case 3:19-cv-00017-MMD-WGC   Document 1-1   Filed 01/10/19   Page 47 of 68

p.2

http://fanniemae.com/loanlookup/

*Making Home Affordable is a trademark of the United States Department of the Treasury.*

- © 2012 Fannie Mae

# EXHIBIT   D

The undersigned does hereby affirm that this
document submitted for recording does not contain
personal information about any person.

RECORDED AT THE REQUEST OF
NATIONWIDE TITLE CLEARING INC
10/30/2018 02:40PM
FILE  NO.489658
SUSAN MERRIWETHER
CARSON CITY RECORDER
FEE $35.00 DEP RMH

Parcel#:008-342-19

**When Recorded Mail To:**
**Fannie Mae**
**C/O Nationwide Title Clearing, Inc.**
**2100 Alt. 19 North**
**Palm Harbor, FL 34683**

## CORPORATE ASSIGNMENT OF DEED OF TRUST

**FOR GOOD AND VALUABLE CONSIDERATION,** the sufficiency of which is hereby acknowledged, the
undersigned, NATIONSTAR MORTGAGE LLC, WHOSE ADDRESS IS 8950 CYPRESS WATERS
BLVD., COPPELL, TX 75019, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over
the described Deed of Trust together with all interest secured thereby, all liens, and any rights due or to become
due thereon to **U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT
SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT, WHOSE ADDRESS IS 60
LIVINGSTON AVENUE, EP-MN-WS3D, ST. PAUL, MN 55107, ITS SUCCESSORS AND ASSIGNS,
(ASSIGNEE).**

Said Deed of Trust is dated , made by **MATT P. JACOBSEN** and recorded as **File # 371195**, in the Recorder's
office of **CARSON CITY** County, **Nevada**.

**Dated this 30th day of October in the year 2018**
**NATIONSTAR MORTGAGE LLC**

By: 

**JEANETTE ROIKES**
**VICE PRESIDENT LOAN DOCUMENTATION**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and
supporting documentation prior to signing.

FNMA1 403115842 2018-NPL1-PL2-3-SALE   DOCR T301810-09:16:12 [C-2] EFRMNV1

*D0033561273*

489658

Parcel#:008-342-19

**STATE OF FLORIDA**
**COUNTY OF PINELLAS**
The foregoing instrument was acknowledged before me on this 30th day of October in the year 2018, by Jeanette Roikes as Vice President of Loan Documentation of NATIONSTAR MORTGAGE LLC, who, as such Vice President of Loan Documentation being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

_Alyssa Say_
**ALYSSA SAY**
**COMM EXPIRES: 10/02/2022**

ALYSSA SAY
NOTARY PUBLIC
STATE OF FLORIDA
COMM# GG249609
EXPIRES: 10/2/2022

**Document Prepared By: Dave LaRose/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152**
FNMA1 403115842 2018-NPL1-PL2-3-SALE   DOCR T301810-09:16:12 [C-2] EFRMNV1

*D0033561273*

489658

# EXHIBIT  E

**After Recording Return To:**
Clear Recon Corp.
4375 Jutland Drive Suite 200
San Diego, California, 92117
Phone: (866) 931-0036

APN: 008-342-19

RECORDED AT THE REQUEST OF
SERVICELINK TITLE AGENCY INC.
05/03/2017 03:35PM
FILE  NO.474536
SUSAN MERRIWETHER
CARSON CITY RECORDER
FEE $16.00 DEP RMH

## SUBSTITUTION OF TRUSTEE

**Deed of Trust Date:**
     8/17/2007

**Grantor[s]/Mortgagor[s]:**
     MATT P JACOBSEN, AN
     UNMARRIED MAN

**Original Beneficiary/Mortgagee:**
     MORTGAGE ELECTRONIC
     REGISTRATION SYSTEMS, INC.,
     AS NOMINEE FOR HSBC
     MORTGAGE CORPORATION
     (USA), ITS SUCCESSORS AND
     ASSIGNS

**Current Beneficiary/Mortgagee:**
     NATIONSTAR MORTGAGE LLC

**Recording Information:**
     8/21/2007, as Instrument No. 371195,

**County Where Property Situated:**
     Carson City

**Servicing Agent:**
     NATIONSTAR MORTGAGE LLC

**Address of Servicing Agent:**
     8950 Cypress Waters Blvd. Coppell,
     TX 75019

NATIONSTAR MORTGAGE LLC is the current beneficiary under said deed of trust.

The deed of trust describes the following property located in, Carson City, Nevada, and more particularly described as:

**See Legal Description Attached Hereto as Exhibit "A"**

474536

The beneficiary, pursuant to the terms of and authority granted under the deed of trust, hereby removes the original trustee, and any of the original trustee's successors, and appoints] CLEAR RECON CORP., whose address is 4375 Jutland Drive Suite 200, San Diego, California 92117, as successor trustee under the deed of trust with all powers of the original trustee.

The undersigned does hereby affirm that the preceding document does not contain the Social Security Number of any person.

NATIONSTAR MORTGAGE, LLC

Andrea Whitney
Nationstar Mortgage LLC, By Aldridge Pite, LLP as it's
attorney in fact

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California  } ss.
County of San Diego  }

On   MAY 0 1 2017   before me,  Dawn J Grove  , a notary public,
personally appeared   Andrea Whitney   who proved to me
on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of said State that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature  Dawry Grove  (Seal)

(NOTARY SEAL)

DAWN J. GROVE
COMM. # 2164985
NOTARY PUBLIC • CALIFORNIA
SAN DIEGO COUNTY
Comm. Exp. SEPT. 18, 2020

474536

Legal Description Exhibit "A"

LOT 152, AS SHOWN ON THE MAP OF PARK TERRACE SUBDIVISION, UNIT NO 1,
FILED IN THE OFFICE OF THE RECORDER OF CARSON CITY, NEVADA ON MAY 6,
1965, IN BOOK 1 OF MAPS, PAGE 257, AS DOCUMENT NO 90219.

474536

# EXHIBIT   F

APN: 008-342-19

WHEN RECORDED MAIL TO:
Clear Recon Corp
4375 Jutland Drive, Suite 200
San Diego, CA 92177-0935
Phone: (866) 931-0036

RECORDED AT THE REQUEST OF
SERVICELINK TITLE AGENCY INC.
10/22/2018 01:40PM
FILE NO.489474
SUSAN MERRIWETHER
CARSON CITY RECORDER
FEE $285.00 DEP LRD

TS No.: 003906-NV

The undersigned hereby affirms that there is no Social Security number contained in this document. (N.R.S. 239B.030)

## NOTICE OF BREACH AND DEFAULT AND OF ELECTION OR CAUSE TO BE SOLD REAL PROPERTY UNDER DEED OF TRUST

NOTICE IS HEREBY GIVEN THAT: CLEAR RECON CORP. is the duly appointed Trustee under a Deed of Trust dated 8/17/2007, executed by MATT P. JACOBSEN, AN UNMARRIED MAN, as trustor in favor of the beneficiary thereunder, recorded 8/21/2007, as Instrument No. 371195, of Official Records in the office of the County recorder of Carson City, County, Nevada securing, among other obligations.

One Note for the Original sum of $246,000.00, that the beneficial interest under such Deed of Trust and the obligations secured hereby are presently held by the undersigned; that a breach of and default in the obligations for which such Deed of Trust is security has occurred or that payment has not been made of: **Installment of Principal and Interest plus impounds and/or advances which became due on 2/1/2010 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.**

That by reason thereof, **U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT**, the present Beneficiary under such deed of Trust has executed and delivered to said duly appointed Trustee a written Declaration of Default and Demand for Sale and has deposited with said duly appointed Trustee such Deed of Trust and all documents evidencing obligations secured thereby and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

## NOTICE

You may have the right to cure the default hereon and reinstate the one obligation secured by such Deed of Trust above described. Section NRS 107.080 permits certain defaults to be cured upon the Payment of the amounts required by that statutory section without requiring payment of that portion of principal and interest which would not be due had no default occurred. Where reinstatement is possible, if the default is not cured within 35 days following recording and mailing of this Notice to Trustor or Trustor's successor in interest, the right of reinstatement will terminate and the property may thereafter be sold. The Trustor may have the right to bring a court action to assert the nonexistence of a default or any other defense of Trustor to acceleration and Sale.

1

CRC NOD NV 05312018

489474

T.S. No.: 003906-NV

Property Address as identified in the Deed of Trust is:   1311 LA LOMA DRIVE
CARSON CITY, NEVADA 89701
HUD Approved local counseling agency: Housing for Nevada, (702) 270-0300
**To determine if reinstatement is possible and the amount, if any, to cure the default, contact:** U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT C/O RUSHMORE LOAN MANAGEMENT SERVICES, LLC
15480 Laguna Canyon Road, Suite 100
Irvine, CA 92618
Phone: 888-504-7300
Loan Modification contact information: U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT C/O RUSHMORE LOAN MANAGEMENT SERVICES, LLC,
Loss Mitigation Dept. 888-504-7300

For Foreclosure status, contact:
Clear Recon Corp
4375 Jutland Drive
San Diego, California 92117
Phone: (866) 931-0036

Dated: 10/18/2018

CLEAR RECON CORP.

By: _____

Hamsa Uchi, Authorized Signatory for Trustee

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

State of California )
County of San Diego )ss.

On _____ OCT 1 8 2018 _____ before me Susana Jimenez _____ Notary Public, personally appeared Hamsa Uchi _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal.

Signature _____ (Seal)



SUSANA JIMENEZ
Notary Public - California
San Diego County
Commission # 2197449
My Comm. Expires May 15, 2021

2

CRC NCD NV 05312018

489474

# EXHIBIT   G

**Rushmore Loan Management Services**

PO Box 814529
Dallas, TX 75381-4529

**Visit our website at www.rushmorelm.com**
**Telephone 888-616-5400**

**MORTGAGE STATEMENT**
Statement Date: 07/11/2018

| | |
|---|---|
| Account Number | ████635 |
| Payment Due Date | 08/01/2018 |
| Payments received after the statement date are not reflected. | |
| **Amount Due**(5) | **$155,256.15** |
| If payment is received after 08/17/2018, a $69.72 late fee will be charged. | |

Matt P Jacobsen      4114
Pro SE
1311 La Loma Dr
Carson City, NV 89701-3415

Rushmore Loan Management Services LLC is a Debt Collector, who is
attempting to collect a debt. Any information obtained will be used for
that purpose. However, if you are in Bankruptcy or received a
Bankruptcy Discharge of this debt, this letter is being sent for
informational purposes only, is not an attempt to collect a debt and does
not constitute a notice of personal liability with respect to the debt.

### Account Information

| | |
|---|---|
| Property Address | 1311  LA LOMA DRIVE<br>CARSON CITY NV, 89701 0000 |
| Outstanding Principal(3) | $245,927.04 |
| Interest Rate (Until 10/1/2014) | 6.75000% |
| Recoverable Advances(4) | $5,423.81 |
| Prepayment Penalty | NO |

### Explanation of Amount Due(5)

| | |
|---|---|
| Principal | $651.00 |
| Interest | $743.36 |
| Escrow (for Taxes and Insurance) | $230.59 |
| **Regular Monthly Payment** | **$1,624.95** |
| Total Fees and Charges | $0.00 |
| Overdue Payments | $153,631.20 |
| **Total Amount Due** | **$155,256.15** |
| Partial Payment (Unapplied)(1) | $0.00 |

### Past Payments Breakdown

| | Paid Last Month | Paid Year-to-Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| Partial Payment (Unapplied)(1) | $0.00 | $0.00 |
| Recoverable Advances(4) | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

### Important Messages

**(1) Partial Payment**: Any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account. If you pay the
balance of a partial payment, the funds will then be applied to your mortgage.

**(3) Outstanding Principal:** This is your Loan balance only, not the payoff amount.

**(4) Recoverable Advances:** Disbursements for servicing-related expenses(non-escrow expenses) paid with servicer funds rather than escrow funds which are
recovered from you, the borrower.

**(5) Amount Due: IF YOU ARE IN FORECLOSURE OR BANKRUPTCY**, the amount listed here may not be the full amount necessary to bring your account current.
To obtain the most up-to-date amount due information, please contact us at the number listed on this statement.

### If You Are Experiencing Financial Difficulty

If you would like counseling or assistance, you can contact the U.S. Department of Housing and Urban Development (HUD). For a list of homeownership counselors or counseling organizations in your
area, go to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287. Rushmore Loan Management Services is dedicated to providing outstanding loan servicing and customer support through
a commitment to uphold ethical and honest business practices. Rushmore is customer-focused and we believe in providing the highest level of customer care. We treat all of our customers with respect,
courtesy and integrity. We understand the importance of homeownership, and we recognize that at times economic changes can make it difficult to make your mortgage payment. We encourage our
customers to contact us at **844-248-6169** to discuss assistance programs we may have available for you. We also encourage you to contact us to discuss any other issues you may be having with your
mortgage. We believe that open and timely communications is a key to our relationship with you. We encourage all of our customers to continue to visit our website (www.rushmorelm.com) to access loan
information, make payments, download forms, or obtain answers to questions about your account.



(Keep upper portion for your records)
Please mail so that your payment reaches us by the due date.

# EXHIBIT   H

Matt P. Jacobsen
1311 La Loma Dr.
Carson City, NV  89701

September 04, 2018

## NOTICE
### under Fair Debt Collections Practices Act as amended
### and Fair Credit Reporting Act

### And QUALIFIED WRITTEN REQUEST
### under The Real Estate Settlement Procedures Act
### as Amended by the Frank-Dodd Act of 2013

### VIA CERTIFIED MAIL - Return Receipt Requested

Rushmore Loan Management Services
P.O. Box 814529
Dalles, TX   75381-4529

· Greetings:

     Re: MORTGAGE STATEMENT
     Date: 7/11/2018
     Alleged Account Number:  █████635
     Alleged Amount Due:  $155,256.15
     Alleged Outstanding Principal:  $245,927.04
     Property Owner:  Matt P. Jacobsen
     Property Address: 1311 La Loma Dr., Carson City, NV  89701

You are hereby noticed that the title to subject property is in currently in dispute in the Ninth
Circuit Court of Appeals, Case No.17-15843 Jacobsen vs. Clear Recon Corporation, et al. A
Notice of Pendency of Action has been properly recorded in the records of Carson City County
Nevada.

---

### FAIR DEBT COLLECTION PRACTICES ACT § 15 U.S.C. § 1692 et seq., as amended

Pursuant to 15 U.S.C. § 1641 (f):

Today, I received your above-referenced statement dated 7-11-2018 quoting an amount due of
"Total Amount Due" of $155,256.15.

1

Rushmore Loan Management Services
August 18, 2018
Page 2

This is not a refusal to pay, but a notice that all or part of your claim is disputed.  It is not now, nor has it ever been our intention to avoid paying any obligation that I lawfully owe.  This is a request for a verification and validation made pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

I request the name and address of the original creditor.  Please cease collection of the debt until you obtain verification of the debt or a copy of a judgment, and the name and address of the original creditor, and mail us a copy of such verification or judgment, and name and address of the original creditor.  See section 809 of the Fair Debt Collection Practices Act, 15 USC 1692g.  Please identify the true and full name of your employer.  See section 804.

Please be advised that I am not requesting "verification" that you have my mailing address.  I am requesting a "verification" and "validation," that is, competent evidence that I have some contractual obligation to pay you this or any other specific amount.

In addition, in view of Rushmore Loan Management Services ambiguous status as "servicer" or "Noteholder," and in view of massive fraud by forgery that has recently come to light, please send us a current certified copy of the Note, front and back, complete with all allonges.  The notary's certification will include the name and title of the person in actual physical possession of the Note (at least at the time it was presented to the notary), and the date the copy was certified. See Nevada Notary Handbook.

I demand that no adverse information regarding this "alleged" account be reported to any consumer credit reporting bureau or agency, until has complied with the above request.

## R.E.S.P.A. QUALIFIED WRITTEN REQUEST

Please treat this letter as a "qualified written request" under the Federal Servicer Act, which is a part of the Real Estate Settlement Procedures Act, 12 U.S.C. 2605(e).

Specifically, I am disputing a) the identity of a true secured lender/creditor, and b) the existence of debt, and c) your authority and capacity to collect on behalf of the alleged lender/creditor.  Because of extensive criminal activity and fraud in this arena, I require proof of the chain of secured ownership from the original alleged lender/creditor to the alleged current lender/creditor.  Further, I require proof that you are the entity that has been contracted to work on behalf of the alleged lender/creditor.

I believe this account is in error because payments have been made to a party that does not have the note.

2

Rushmore Loan Management Services
August 18, 2018
Page 3

Pursuant to "Subtitle E Mortgage Servicing" of the Dodd-Frank Wall Street Reform and
Consumer Protection Act and pursuant to 12 U.S.C. Section 2605(e)(1)(A) and Reg. X Section
3500.21(e)(1), please provide:

1. A full, double sided, certified "true and accurate" copy of the original promissory note with
all alonges.

2. The security instrument.

3. All assignments of the security instrument.

4. Full name, address and telephone number of the actual entity that funded the transaction.

5. Full name of Trust where the Note Number is trading; or has traded, and the identifying
Series of Certificates.
(Note: If the note number is being traded in a Fannie Mae Trust or Freddie Mac Trust, please
provide all information to identify the Trust (i.e. Fannie Mae Pool Number, CUSIP Number,
REMIC or SMBS Trust Number and Trust Class/Tranche).

6. Full name, address, and telephone number of the Trustee.

7. Full name, address, and telephone number of the **Custodian of my original Promissory
Note**, including the name, address and telephone number of any trustee or other fiduciary. This
request is being made pursuant to Section 1641(f)(2) of the Truth In Lending Act.

8. Full name, address, and telephone number of the **Custodian of my original Security
Instrument**, including the name, address and telephone number of any trustee or other fiduciary.
This request is being made pursuant to Section 1641(f)(2) of the Truth In Lending Act.

9. A **physical location (address) of the original promissory note, original security
instrument, and all assignments** of the security instrument, and a **contact name and phone
number of someone who can arrange for inspection** of said documents.

10. Full name, address and telephone number of any master servicers, servicers, sub-servicers,
contingency servicers, back-up servicers or special servicers for this account.

11. The electronic MERS number assigned to this account if this is a MERS Designated
Account.

12. **Proof of true sale of the note** from alleged Lender to investors, by showing:
Wire transfer document(s), and/or
Signed purchase and sale agreement(s),
Bank statements or similar documentation.

Rushmore Loan Management Services
August 18, 2018
Page 4

13. The MERS Milestone Report, if the note number and security instrument was tracked by Mortgage Electronic Registration Systems. I need to see the audit trail of the alleged transfer in ownership and alleged transfer in security interest.

14. A complete audit history from alleged loan origination, showing all payments in both directions, the dates payments were applied, and to what internal accounts (i.e. principal, interest, suspense, escrow, etc.) payments were applied.

15. A complete and itemized statement of all advances or charges against this account.

16. A complete and itemized statement of the escrow for this account, if any, from the date of the note origination to the date of your response to this letter.

17. Have you purchased and charged to the account any Force-Placed Insurance?

18. A complete and itemized statement from the date of the note origination to the date of your response to this letter of the amounts charged for any forced-placed insurance, the date of the charge, the name of the insurance company, the relation of the insurance company to you or a related company, the amount of commission you received for each force-placed insurance event, and an itemized statement of any other expenses related thereto.

19. A complete and itemized statement from the date of the note origination to the date of your response to this letter of any suspense account entries and/or any corporate advance entries related in any way to this account.

20. A complete and itemized statement from the date of the loan to the date of your response to this letter of any property inspection fees, property preservation fees, broker opinion fees, appraisal fees, bankruptcy monitoring fees, or other similar fees or expenses related in any way to this loan.

21. A statement/provision under the security instrument and/or note that authorizes charging any such fee against the account.

22. Copies of all property inspection reports and appraisals, broker price opinions, and associated bills, invoices, and checks or wire transfers in payment thereof.

23. Complete copy of any transaction report(s) indicating any charges for any "add on products" sold to the debtors in connection with this account from the date of the note origination to the date of your response to this letter.

24. Complete and itemized statement of any late charges added to this account from the date of the note origination to the date of your response to this letter.

4

Rushmore Loan Management Services
August 18, 2018
Page 5

25. Complete and itemized statement of any fees incurred to modify, extend, or amend the loan or to defer any payment or payments due under the terms of the loan, from the date of the note origination to the date of your response to this letter.

26. Please give me a written itemization of the entire amount I must pay.

27. Complete, itemized statement of the current amount needed to pay-off the alleged "loan" in full.

28. Verification of any notification provided to me of a change in servicer.

**You should be advised that within FIVE (5) DAYS you must send me a letter stating that you received this letter. After that time you have THIRTY (30) DAYS to fully respond as per the time frame mandated by Congress, in "Subtitle 'E' Mortgage Servicing" of the "Dodd-Frank Wall Street Reform and Consumer Protection Act and pursuant to 12 U.S.C. Section 2605(e)(1)(A) and Reg. X Section 3500.21(e)(1)**

---

TRUTH – IN-LENDING ACT § 131(f)(2)

---

Pursuant to 15 U.S.C. § 1641 (f):

Please provide the name, address and telephone number of the owner(s) of the mortgage and the master servicer of the mortgage.
**You should be advised that Violations of this Section provide for statutory damages of up to $4,000 and reasonable legal fees. The amendments also clearly provide that the new notice rules are enforceable by private right of action. *15 USC 1641***

Sincerely,

/s/ *Matt P. Jacobsen*

Matt P. Jacobsen



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

DALLAS, TX 75381

Certified Mail Fee  $3.45                                    0100
$                              $0.00                          06

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $  $0.00
☐ Return Receipt (electronic)        $  $0.00
☐ Certified Mail Restricted Delivery $  $0.00
☐ Adult Signature Required           $  $0.00
☐ Adult Signature Restricted Delivery $

Postage           $0.50
$

Total Postage and Fees $3.95
$

Sent To    Rushmore Loan Management Svs
Street and Apt. No., or PO Box No.  PO Box 814529
City, State, ZIP+4®  Dallas, TX 75381-4529

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

2017 0530 0001 1598 1916

ALERT: DUE TO WILDFIRES IN CALIFORNIA, USPS SERVICES ARE IMPACTED IN TH...

# USPS Tracking® FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)

## Track Another Package +

**Tracking Number:** 70170530000115981916                    Remove X

Your item has been delivered and is available at a PO Box at 10:31 am on September 10, 2018 in DALLAS, TX 75381.

### ✅ Delivered

September 10, 2018 at 10:31 am
Delivered, PO Box
DALLAS, TX 75381

Feedback

---

**Tracking History**                                              ⌄

**Product Information**                                           ⌄

---

See Less ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

Matt P. Jacobsen
1311 La Loma Drive
Carson City, NV 89701-3415



CERTIFIED MAI

7018 0680 0002 038

Rushmore Loan Mana
C/o Corporation Servi
251  Little Falls
Wilmington, DE