Laurel I. Handley (NV Bar # 9576)
Jory C. Garabedian (NV Bar # 10352)
**ALDRIDGE PITE, LLP**
520 South 4th St., Suite 360
Las Vegas, Nevada 89101
Telephone: (858) 750-7600
Facsimile: (702) 685-6342
E-Mail: lhandley@aldridgepite.com

*Attorneys for Defendants:*
*Rushmore Loan Management Services, LLC; U.S. Bank National Association, not in its Individual Capacity But Solely as Trustee for the RMAC Trust, Series 2016-CTT; U.S. Bank National Association; Clear Recon Corp*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MATT P. JACOBSEN,<br><br>Plaintiff,<br><br>vs.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC; U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT; U.S. BANK NATIONAL ASSOCIATION; CLEAR RECON CORP,<br><br>Defendants. | Case No.: 3:19-cv-00017-MMD-WGC<br><br>**MOTION TO STAY DISCOVERY** |

Defendants RUSHMORE LOAN MANAGEMENT SERVICES, LLC ("Rushmore"); U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT ("RMAC Trust"); U.S. BANK NATIONAL ASSOCIATION ("US Bank"); and CLEAR RECON CORP ("Clear Recon" and collectively "Defendants") by and through their counsel of record, Aldridge Pite, LLP, hereby move to stay discovery, including any Fed. R. Civ. P. 26(f) conference, until Defendants' pending Motion to Dismiss (ECF No. 3) is adjudicated.

### INTRODUCTION

The above-captioned lawsuit is Plaintiff Matt P. Jacobsen's ("Plaintiff") third lawsuit to attempt to stave off foreclosure proceedings on his home. Defendants have filed a Rule 12(b)(6)

Motion to Dismiss the entirety of Plaintiff's claims on the basis of res judicata, and/or alternatively, on the basis that each claim independently fails to state claim upon which relief can be granted. Given that the pending Motion to Dismiss seeks to dismiss the entirety of this case, and does not otherwise involve factual questions requiring discovery, the Court should stay discovery until it rules on the pending Motion to Dismiss to further ensure a just, speedy and cost-effective resolution of this third lawsuit.

## BACKGROUND[1]

In August 2007, Plaintiff obtained a mortgage loan in the amount of $246,000.00 from HSBC Mortgage Corporation (USA) ("HSBC Mortgage") as evidenced by a promissory note and secured by a Deed of Trust recorded against his home on August 21, 2007. (*See* ECF No. 3 at Exhibit 1). Plaintiff defaulted on the mortgage loan in February 2010 and as such the first Notice of Default was recorded in July 2010. (*See* Id. at Exhibit 2).

Thereafter, Plaintiff commenced his first lawsuit, which was removed to this Court on September 12, 2012 and designated as Case No. 3:12-cv-00486-MMD-WGC (hereinafter the "First Lawsuit"). Plaintiff's Complaint in the First Lawsuit named as defendants the assigned beneficiary of the Deed of Trust HSBC Bank, the former beneficiary and originator HSBC Mortgage, and the substituted trustee under the Deed of Trust, Quality Loan Service Corporation ("QLS"). Plaintiff further alleged causes of action or claims for relief against these defendants for (1) Quiet Title, (2) Declaratory Relief, (3) Violations of the Real Estate Settlement Procedures Act (RESPA – 12 U.S.C. § 2601 et seq.), (4) Violations of the Fair Debt Collection Practices Act (FDCPA – 15 U.S.C. § 1692), and (5) Violations of RICO. (*See* First Lawsuit, Complaint at ECF No. 1-1). On November 30, 2012, and following HSBC Bank and HSBC Mortgage's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), this Court dismissed the entirety of Plaintiff's Complaint, which was later affirmed on appeal. (*See* First Lawsuit, Order at ECF Nos. 27 & 45).

---

[1] A more detailed background of the facts of this matter is discussed in Defendants' Motion to Dismiss. (*See* ECF No. 3 at 3-6).

Following a final resolution and adjudication of the First Lawsuit, foreclosure proceedings continued against Plaintiff's home. Clear Recon was substituted in as trustee under the Deed of Trust by HSBC Bank and Clear Recon ultimately proceeded with recording a Notice of Sale in July 2015. (*See* ECF No. 3 at Exhibits 8 & 10).

On October 5, 2015, Plaintiff commenced his second lawsuit in this Court designated as Case No. 3:15-cv-00504 (hereinafter the "Second Lawsuit"). This second lawsuit named the Deed of Trust trustee Clear Recon, the Deed of Trust beneficiary HSBC Bank, and the loan servicer at the time PHH Mortgage Corporation ("PHH Mortgage") as defendants. Plaintiff alleged causes of action or claims for relief for: (1) Quiet Title; (2) Violations of RESPA; (3) Dual Tracking Violations; (4) Violations of NRS 107.080; (5) Cancellation of Instrument; and (6) Violations of FDCPA. (*See* Second Lawsuit, ECF No. 1). On August 31, 2016, and after various dispositive motions under Fed. R. Civ. P. 12(b)(6) were filed by the defendants, the Court dismissed all of the causes of action or claims for relief with prejudice and entered judgment in favor of the defendants, which was again affirmed on appeal. (*See* Second Lawsuit, Order at ECF Nos. 71, 72 & 86).

Following dismissal of the Second Lawsuit, foreclosure proceedings again continued against Plaintiff's home. Ultimately US Bank as trustee for RMAC Trust would be assigned the beneficial interest in the Deed of Trust (s*ee* ECF No. 3 at Exhibits 11, 12, 14 & 15) with Rushmore acquiring the servicing rights of the loan (*see* ECF No. 3 at Exhibit 16).

On December 10, 2018, Plaintiff commenced the current and his third lawsuit, which Defendants have timely removed to this Court on the basis of federal question and diversity jurisdiction (hereinafter the "Current Lawsuit"). (*See* ECF No. 1). The Current Lawsuit names the current trustee under the Deed of Trust Clear Recon, the current beneficiary of the Deed of Trust US Bank as trustee for RMAC Trust, and the current loan servicer Rushmore as defendants. Plaintiff once again alleges causes of action or claims for relief for: (1) Quiet Title; (2) Declaratory Judgment; (3) Violations of RESPA; (4) Violations of NRS 107.080; (5) Cancellation of Instrument; and (6) Violations of the FDCPA. (*See* ECF No. 1-1). Defendants have all joined in a Rule 12(b)(6) Motion to Dismiss filed on February 1, 2019.

## ARGUMENT

A court should consider the goals of Rule 1 of the Federal Rules of Civil Procedure when evaluating a motion to stay discovery. *First American Title Insurance Company, v. Commerce Associates, LLC*, 2015 U.S. Dist. LEXIS 153826, No. 2:15-cv-832-RFB-VCF (D. Nev. Nov. 13, 2015). Rule 1 requires the Federal Rules of Civil Procedure to "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. It is well known that discovery is expensive and time consuming. Trial courts should resolve civil matters fairly, but without undue expense. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). The general scope of discovery as outlined in Fed. R. Civ. P. 26(b)(1) echoes this directive by instructing courts to consider and balance the expense of discovery against its likely benefit.

In determining whether a stay of discovery is appropriate, courts will take a "preliminary peek" at the pending dispositive motion to assess: (1) whether additional discovery is needed to rule on the pending dispositive motion; and (2) whether the pending dispositive motion potentially disposes of the entire case or at least disposes of the issue on which discovery is sought. *See TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The purpose of the "preliminary peek" is not to prejudge the outcome of the dispositive motion, but rather to evaluate the propriety of a stay of discovery with the goal of accomplishing Rule 1's objectives. *Id.*

In this case Defendants' pending Motion to Dismiss does not raise factual issues requiring discovery as it is Rule 12(b)(6) motion. The purpose of a 12(b)(6) motion is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). The pending Motion to Dismiss focuses on the allegations and documents referenced in the Complaint as well as judicially noticeable documents in the Carson City Recorder's records and the records and dockets of this very Court. (*See* ECF No. 3 at 3-7).

In addition, Defendants' pending Motion to Dismiss seeks to dispose of the entirety of the Current Lawsuit based on res judicata. (*See* ECF No. 3 at 7-12). Plaintiff has asserted the

same claims against Defendants or their predecessors in two prior lawsuits all of which have been adjudicated against Plaintiff and even affirmed on appeal. The policies behind res judicata are in part to ensure finality of disputes and protect parties from being harassed by repetitive actions. *See In re Schimmels,* 127 F.3d 875, 881 (9th Cir. 1998); *Clements v. Airport Auth. of Washoe*, 69 F.3d 321, 328 (9th Cir. 1995). Permitting discovery on the same claims in this third and Current Lawsuit would cut against those policies and goals as well as the policies and goals of Rule 1.

Notably, and irrespective of res judicata, Defendants' pending Motion to Dismiss seeks to dispose of all claims independently and as a matter of law. (*See* ECF No. 3 at 12-19). As the pending Motion to Dismiss states, Plaintiff cannot prevail on his Quiet Title claim because he does not dispute the underlying Deed of Trust was voluntarily given and nor does he meaningfully allege how he himself has paid off the debt secured by the Deed of Trust. (*See* Id. at 12-13). Plaintiff's Declaratory Relief claim fails for the same reasons and is not an independent cause of action. (*See* Id. at 13-14). Plaintiff's Cancellation of Instruments claim fails mainly because he as the borrower of the loan has no standing to challenge the underlying validity of the assignments of the Deed of Trust or substitutions of trustee that he seeks to cancel. (*See* Id. at 14-15). Plaintiff's NRS 107.080 claim fails because the contents of the recorded foreclosure documents he references in the Complaint directly contradict his allegations that there was any violation of NRS 107.080. (*See* Id. at 16-17). Plaintiff's RESPA claim fails because the purported Qualified Written Request letter attached to his Complaint does not concern a request for information and/or notice of errors related to the "servicing" of his loan as required by 12 U.S.C. § 2605(e)(1)(A). (*See* Id. at 17-18). Finally, Plaintiff's FDCPA claim fails because it is based on mere foreclosure activity, which is not debt collection activity covered by the FDCPA. (*See* Id. at 18-19). Thus, for all these reasons in addition to res judicata, the Current Lawsuit is highly susceptible to dismissal in its entirety.

/././

/././

/././

## **CONCLUSION**

Based upon the foregoing, Defendants respectfully request that the Court stay all discovery, including any Fed. R. Civ. P. 26(f) conference, until a decision is reached on Defendants' pending Motion to Dismiss.

DATED this 11<u>th</u> day of February, 2019.

                                                ALDRIDGE PITE, LLP

                                                */s/ Jory C. Garabedian*

                                                Jory C. Garabedian
                                                Nevada Bar No. 10352
                                                *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I, the undersigned, declare: I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action. My business address is 520 South Fourth Street, Suite 360, Las Vegas, Nevada 89101.

I hereby certify that on February 11th, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and mailed a copy to:

>Matt Jacobsen
>1311 La Loma Drive
>Carson City, NV 89701

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of February, 2019, at Las Vegas, Nevada.

_____
CHELSEA MILLER
Paralegal for the Firm