UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MATT P. JACOBSEN,<br><br>Plaintiff,<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC; U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT; U.S. BANK NATIONAL ASSOCIATION; CLEAR RECON CORP,<br><br>Defendants. | Case No. 3:19-cv-00017-MMD-WGC<br><br>ORDER |

This case is the third iteration of Plaintiff's attempt to prevent foreclosure on real property located at 1311 La Loma Drive, Carson City, Nevada 89701 ("Property"). This lawsuit concerns the same defaulted mortgage loan and the same deed of trust for the Property and claims previously brought against the same Defendants or entities in privity. (*Compare* 3:12-cv-00486-MMD-WGC (ECF No.1-1 at 3–19) ("First Case") & 3:15-cv-00504-MMD (ECF No. 2 at 1–16) ("Second Case") *with* 3:19-cv-00017-MMD-WGC (ECF No. 1-1 at 11–36.)[1] In Plaintiff's First Case, the Court dismissed all of Plaintiff's claims with prejudice, except his claim of violations of the Real Estate Settlement Procedures Act (RESPA)—which was dismissed without prejudice. (First Case (ECF Nos. 27, 36).) In the Second Case, the Court dismissed all claims with prejudice and/or without leave to amend and entered judgment in favor of Defendants. (Second Case (ECF No. 71).) Together the first two actions covered all claims Plaintiff asserts here.

///

---

[1] The Court takes judicial notice of the cases of record. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

1      Defendants have moved to dismiss this case, arguing, *inter alia*, that Plaintiff is precluded from bringing this action. (ECF No. 3.) The Court agrees. *See, e.g.*, *Pulley v. Preferred Risk Mut. Ins. Co.*, 897 P.2d 1101, 1102 (Nev. 1995) (citation omitted) ("[T]he doctrine of res judicata precludes parties or those in privity with them from relitigating a cause of action or an issue which has been finally determined by a court of competent jurisdiction."); *see also Univ. of Nev. v. Tarkanian*, 897 P.2d 1180, 1192 (Nev. 1994) (noting that res judicata bars "all grounds of recovery . . . that could have been asserted" in the prior action). Plaintiff cannot bring a new action asserting the same claims to prevent foreclosure on the Property each time a new default notice or notice of sale is filed by merely rephrasing his allegations against Defendants or those in privity.

     It is therefore ordered that Defendants' motion to dismiss (ECF No. 3) is granted.

     It is further ordered that Plaintiff's case is dismissed with prejudice.

     It is further ordered that the Clerk of Court enter judgment accordingly and close this case.

     DATED THIS 10th day of June 2019.

MIRANDA M. DU  
UNITED STATES DISTRICT JUDGE