UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATT P. JACOBSEN,<br><br>Plaintiff,<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC; U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT; U.S. BANK NATIONAL ASSOCIATION; CLEAR RECON CORP,<br><br>Defendants. | Case No. 3:19-cv-00017-MMD-WGC<br><br>ORDER |

This case is the third iteration of Plaintiff's attempt to prevent foreclosure on real property located at 1311 La Loma Drive, Carson City, Nevada 89701 ("Property"). The Court dismissed this action with prejudice, noting that "Plaintiff cannot bring a new action asserting the same claims to prevent foreclosure on the Property each time a new default notice or notice of sale is filed by merely rephrasing his allegations against Defendants or those in privity." (ECF No. 15.) Plaintiff has appealed. (ECF No. 17.) Before the Court is Plaintiff's emergency motion for injunction pending appeal ("Motion") (ECF No. 19). Plaintiff asks the Court to stop Defendants from conducting a nonjudicial foreclosure sale of the Property scheduled for August 22, 2019. (*Id.* at 3.)

Ordinarily, the filing of a notice of appeal divests a district court of jurisdiction over the matters being appealed. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). Federal Rule of Civil Procedure 62(c) codifies an exception to this basic principle: it allows a district court to "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights" while an appeal is pending. Fed. R. Civ. P. 62; *Nat. Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d

1163, 1166 (9th Cir. 2001) (recognizing that a district court "retains jurisdiction during the pendency of an appeal to act to preserve the status quo"). "Rule 62(c) does not restore jurisdiction to the district court to adjudicate anew the merits of the case," and the "district court's exercise of jurisdiction should not materially alter the status of the case on appeal." *Mayweathers v. Newland,* 258 F.3d 930, 935 (9th Cir. 2001). District courts consider four factors in ruling on Rule 62(c) motions: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

After considering these factors, the Court must deny Plaintiff's Motion. The Court already made a finding that Plaintiff's claims lack merit in dismissing this action such that Plaintiff cannot make a showing that he is likely to succeed on the merits. (ECF No. 15.) Under the circumstances here, consideration of the public interests and the injuries to Defendants also counsel against granting a stay of the effect of this Court's dismissal of this action and preventing Defendants from proceeding with nonjudicial foreclosure. The Court again reiterates that Plaintiff cannot continue to challenge the foreclosure sale by seeking judicial intervention on claims that have been dismissed.

For the foregoing reasons, Plaintiff's emergency motion for injunction (ECF No. 19) is denied.

DATED THIS 19th day of August 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE